**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN JOSEPH MCMONAGLE,

        Petitioner-Appellant,

  v.

DON L. MEYER, Chief Probation Officer,
Sacramento County,

        Respondent-Appellee.

No.   16-16822

D.C. No. 2:11-cv-02115-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Submitted September 15, 2017[**]
San Francisco, California

Before: GOULD, TALLMAN, and WATFORD, Circuit Judges.

Brian McMonagle appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition challenging his California Superior Court conviction for driving

under the influence of alcohol. McMonagle claims that the state's introduction of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a lab report analyzing his blood alcohol content, without supporting testimony from the analyst who prepared the report, violated his right to confrontation and resulted in prejudice at his trial. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo the district court's denial of habeas relief. *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir. 2006). We affirm.

Despite the acknowledged Confrontation Clause violation,[1] McMonagle fails to show that the error had a substantial and injurious effect or influence on the jury's verdict that he nonetheless drove under the influence of alcohol. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). The evidence presented on this charge by a crime lab supervisor and one of the arresting CHP officers who witnessed McMonagle's driving was "overwhelming":

> "[McMonagle] stopped abruptly and irregularly for a red light, drove abnormally slow, turned abruptly, smelled of alcohol, mumbled, admitted consuming alcohol, had red, watery eyes, was slow and unsteady on his feet, and had difficulty walking. In addition, the criminalist, an expert, testified that such symptoms are consistent with intoxication."

Thus, it was reasonable for the state appellate court to find the confrontation error harmless as to the lesser included charge.

---

[1] The Appellate Division of the California Superior Court, citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), found that McMonagle was denied confrontation under the Sixth Amendment and reversed his more serious convictions for driving with a blood alcohol level of .08% or more, as well as driving a motor vehicle with a blood alcohol concentration of .15% or more. This was clearly a reasonable application of federal law, *see* 28 U.S.C. § 2254(d)(1), and the state's arguments to the contrary are unavailing.

**AFFIRMED.**